UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-563-HAB-SLC |
| JOSHUA CARPENTER, Z. SHIFFLETT, and JARED ULRICK, | |
| Defendants. | |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Herzog alleges that the DeKalb County Jail does not provide him adequate access to a law library or legal materials. He complains that he is not allowed to use a photocopier to copy documents or legal materials, and he asserts that the law library is not updated and does not allow him to properly litigate while in jail. Herzog says his mother had to order and send him the resources he needs to continue litigating his civil

cases, including a manual for prisoner litigation, a state law book, and a law dictionary. He alleges the defendants violated his constitutional rights by refusing to let inmates use a copy machine to make the litigation process less constraining and by making them use the law library during their recreational hours.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). "The right of access, however, is not 'an abstract freestanding right to a law library or legal assistance.'" *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (quoting *Lewis v. Casey,* 518 U.S. 343, 351 (1996)). "[T]he law requires only meaningful access to the courts. It does not require any specific resources such as a law library or a laptop with a CD–ROM drive or a particular type of assistance." *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (cleaned up). "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Thus, to establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis*, 518 U.S. at 351 (holding that *Bounds* did not eliminate the actual injury requirement as a

constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017).

Herzog does not allege any injury from the asserted deficiencies in the legal resources at the DeKalb County Jail. Public records show that he is represented by counsel in his criminal trial. *See State v. Herzog*, No. 17D02-2405-MR-000002 (DeKalb Super. Ct. filed May 30, 2024). Having counsel satisfies the state's obligation to provide him access to the courts for his criminal case. *See Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988) ("Although the Marshall County jail does not have a law library, Martin was represented by counsel on his criminal charges."). And Herzog doesn't identify any civil case that has been harmed by the asserted deficiencies either.

This complaint does not state a claim for which relief can be granted. If Herzog believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Coltin Drew Herzog until **April 16, 2025**, to file an amended complaint; and

3

(2) CAUTIONS Coltin Drew Herzog if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 13, 2025.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT