UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-563-HAB-SLC |
| JOSHUA CARPENTER, Z. SHIFFLETT, and JARED ULRICK, | |
| Defendants. | |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint, alleging he was not being given sufficient access to legal material at the DeKalb County Jail. ECF 1. The court determined that the complaint did not state a claim because he did not allege that the lack of access caused an injury, which in the context of an access-to-the-courts claim requires that a potentially meritorious legal claim was prejudiced. ECF 7 at 2. Herzog was given the opportunity to file an amended complaint in order to identify an injury. *Id.* at 3. He has filed an amended complaint, ECF 8, and that amended complaint "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, even under that lenient standard, the amended complaint does not allege a viable injury in order to state a claim. Therefore, this case will be dismissed. *See* 28 U.S.C. § 1915A (requiring court to review the merits of a prisoner complaint and dismiss it if the action

is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). "The right of access, however, is not 'an abstract freestanding right to a law library or legal assistance.'" *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (quoting *Lewis v. Casey,* 518 U.S. 343, 351 (1996)). "[T]he law requires only meaningful access to the courts. It does not require any specific resources such as a law library or a laptop with a CD–ROM drive or a particular type of assistance." *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (cleaned up). "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Thus, to establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis*, 518 U.S. at 351 (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017).

In his amended complaint, Herzog alleges that his criminal case has been prejudiced because jail officials are refusing to allow him access to jury instructions for self-defense, there is a paywall up on the law library, and he is forced to use his recreational time to use the law library. However, as noted in the court's previous screening order, Herzog is represented by counsel in his criminal trial, and providing him with counsel satisfies the state's obligation to provide him access to the courts for his criminal case. *See Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988) ("Although the Marshall County jail does not have a law library, Martin was represented by counsel on his criminal charges."); *Bourdon v. Loughren*, 386 F.3d 88, 94 (2d Cir. 2004) (collecting cases and concluding "the appointment of counsel can be a valid means of fully satisfying a state's constitutional obligation to provide prisoners, including pretrial detainees, with access to the courts in conformity with the requirements of the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment"). Therefore, Herzog's difficulties in accessing the materials he wants in order to research the issues in his criminal trial does not constitute an injury for purposes of a claim for denial of access to the court.

Herzog also complains that jail officials are making his efforts at civil litigation more difficult because he has to hand copy documents he receives from outside sources and the law library does not have the blank templates for the Northern District of Indiana's Prisoner Complaint form and other forms needed to properly litigate his civil cases. He does not allege, though, that these challenges have prevented him from

3

pursuing a non-frivolous legal claim, and therefore he has not plausibly alleged a constitutional injury.

Herzog was given the opportunity to identify an injury from the purported deficiencies at the DeKalb County Jail's law library, and the only injury he identified is his fear that these deficiencies will cause future detriment to his criminal and civil cases. That fear will not support an injury to allow a claim for the denial of access to the court to proceed. Because Herzog has not been injured by the DeKalb County Jail's purported deficient legal materials, it would be futile to allow Herzog another chance to amend his complaint. *See Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023).

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED on March 25, 2025.

> s/ Holly A. Brady
> CHIEF JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT